NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO ARMANDO LOPEZ-MORALES; MARIA FERNANDA LOPEZ-HERRERA, Petitioners, v. TODD BLANCHE, Acting Attorney General, Respondent. | No. 18-70895 Agency Nos. A208-574-084 A208-574-085 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2026[**]
Pasadena, California

Before: WARDLAW, OWENS, and DE ALBA, Circuit Judges.

Julio Armando Lopez-Morales, a native and citizen of Guatemala, seeks

review of a Board of Immigration Appeals' ("BIA") decision dismissing his appeal

from an immigration judge's ("IJ") order denying his applications for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Where, as here, the BIA agrees with the IJ's reasoning and supplements that reasoning with its own analysis, we review both decisions to the extent the BIA relied on the grounds the IJ considered. *See Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016); *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011). We review the BIA's factual findings for substantial evidence and review legal questions de novo. *See Mendoza-Pablo v. Holder*, 667 F.3d 1308, 1312 (9th Cir. 2012).

1. Substantial evidence supports the BIA's determination that Lopez-Morales failed to demonstrate (1) that his past harm rises to the requisite level of persecution and (2) a nexus between his claimed past persecution or fear of future persecution and a protected ground—i.e., membership in the particular social group defined as "Guatemalans who have land ownership."

Namely, Lopez-Morales testified that gang members targeted him and his family due to their perceived wealth. *See Zetino v. Holder,* 622 F.3d 1007, 1016 (9th Cir. 2010) ("[A noncitizen's] desire to be free from harassment by criminals

---

[1] Lopez-Morales' minor daughter was included as a derivative beneficiary on his asylum application. Lopez-Morales' daughter does not seek relief separate from him and cannot assert derivative claims for withholding of removal or relief under CAT. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005).

2

motivated by theft or random violence by gang members bears no nexus to a protected ground."); *Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021) ("To establish past persecution, an applicant must show he was individually targeted on account of a protected ground rather than simply the victim of generalized violence."). Lopez-Morales further testified that gang members did not just target landowners, and that his family was only extorted once. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) ("Random, isolated criminal acts perpetrated by anonymous thieves do not establish persecution.").

2.     Based on the record here, "a reasonable factfinder would not be compelled to find [Lopez-Morales] eligible for CAT protection" because he failed to establish it is more likely than not that he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010). Lopez-Morales argues that the BIA "neglected to credit the evidence that hundreds of people are killed every year for refusing to pay extortion fees" and his "credible testimony that gang members who extorted him previously are trying to find him and have asked his tenant for his contact information." However, Lopez-Morales' "generalized evidence of violence and crime in [Guatemala] is not particular to [him] and is insufficient to meet [the CAT] standard." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Moreover, the gang members last attempted to locate Lopez-Morales in

February 2016, and he admits that his wife, other two children, parents, and siblings all remain unharmed in Guatemala. *See Cruz v. Bondi*, 146 F.4th 730, 738 (9th Cir. 2025) (finding no likelihood of future torture where "over 14 years have elapsed since the last direct incident with the cartel").

**PETITION DENIED.**